IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DEMETRIUS NICKENS<br>    **Plaintiff** | * | Civil Action No.: 1:12-cv-00888 |
| Vs.<br>THE DISTRICT OF COLUMBIA, *et al*<br>    **Defendant** | *<br><br>* | Next Event: September 2, 2012<br><br>Judge Ellen S. Huvelle |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFF'S MOTION TO STRIKE ANSWER**

NOW COMES, Demetrius Nickens, "Plaintiff", and files his Motion to Strike Answer of Connecticut General Life Insurance Company (Cigna Dental, Inc., ) "Defendant", and for the reasons articulated in the attached Memorandum of Law and for reasons that may be apparent to the Court, the Motion should be **GRANTED**.

Respectfully Submitted,

_/s/ Demetrius Nickens_
Demetrius Nickens
AS HIS OWN ATTORNEY
1695 Graves Road, NW
Apartment 1402
Norcross, Georgia 30093
404-952-7230
Mrnickens808@gmail.com

PLAINTIFF


RECEIVED Mail Room AUG 13 2012 — Angela D. Caesar, Clerk of Court, U.S. District Court, District of Columbia

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT Plaintiff's Motion to Strike Answer was mailed this 8 day of August, 2012, via first class mail postage prepaid to:

Timothy J. Fitzgibbon, Esquire
*Via Electronic Notice*
tim.fitzgibbon@nelsonmullins.com

Soriya R. Chhe
*Via Electronic Notice*
soriya.chhe@dc.gov

Demetrius Nickens

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMETRIUS NICKENS     *
    **Plaintiff**     *

Vs.     *     Civil Action No.: 1:12-cv-00888
THE DISTRICT OF COLUMBIA, *et al*
    **Defendant**     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE ANSWER

### I. FACTUAL ALLEGATIONS

Defendant Cigna Dental Plan, Inc., provides medical/dental benefits to employees of The District and their beneficiaries directly or through insurance, reimbursement or otherwise and is an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1) and a group health plan within the meaning of ERISA § 607(1), 29 U.S.C. § 1167(1).

Plaintiff Demetrius Nickens began his employment with the District of Columbia on April 18, 2008, at the Alcoholic Beverage Regulation Administration (ABRA) as a Investigator. Plaintiff's tenure ended on July 3, 2010. At the time of his separation with Defendant the District of Columbia, Plaintiff was earning approximately $46,725.00.

On or around May 2011, Plaintiff visited Dr. Irving Mason, DMD, a local dentist in Baltimore. Plaintiff was having pain in his upper tooth area and needed emergency services.

When Plaintiff arrived, he provided Dr. Mason's assistant with his dental information. While being seen by the Dr. Mason, Plaintiff was informed by the dental assistant that when she called to certify the visit, the insurance was already cancelled in December 2010.


RECEIVED
Mail Room

AUG 13 2012

Dr. Mason opined that Plaintiff would need a root canal and cap on his upper molars and that without insurance the procedure would cost well over $3,000.00. Plaintiff being unemployed did not have sufficient funds to have the root canal procedure performed and was forced to have the tooth extracted.

It is important to note that the extracted tooth was in front of Plaintiff's mouth, which is easily visible by anyone speaking with the Plaintiff.

Plaintiff was also forced to seek emergency dental and medical treatment due to the extraction area developing a dry socket which was extremely painful. In fact, Plaintiff had to be seen by three different medical providers in three (3) days after the procedure was performed.

Subsequently, Plaintiff contacted the Defendant Cigna who confirmed that the insurance had been cancelled in December 2010. When asked why I wasn't sent notice to continue the insurance, Cigna stated that Plaintiff would need to contact the employer as they were unsure whose responsibility it was to send the notice.

Plaintiff has never received notice of his right to continue coverage. Even as of this writing has not received any notice so indicating.

Defendants failed to timely provide Plaintiff proper notice of his right to continue his health insurance under COBRA in accordance with 29 U.S.C. § 1166(a)(1) by failing to provide Plaintiff proper notice of his right to continue health insurance under COBRA.

## II.    STANDARD OF REVIEW

Pursuant to Rule 12(f), a "court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In addition, a court "may strike a defense that is clearly insufficient as a matter of law." *Hanzlik*

*v. Birach*, 2009 U.S. Dist. LEXIS 63091, at *8 (E.D. Va. July 14, 2009) (citing *Microsoft Corp. v. Computer Support Servs. of Carolina, Inc.*, 123 F. Supp. 2d 945, 949 (W.D.N.C. 2000)).

Thus, a defense may be stricken if it does not meet the pleading requirements of Rules 8 and 9. See *McLemore v. Regions Bank*, 2010 U.S. Dist. LEXIS 25785, at *44 (M.D. Tenn. Mar. 18, 2010). The district court enjoys wide discretion in determining whether to strike an affirmative defense under Rule 12(f) in order "to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial." *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 649 (D. Kan. 2009).

### III. ARGUMENT

The Defendant's Affirmative Defenses fails to comply with the heightened pleading requirements in Fed. R. Civ. P. 8, as set forth in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), which requires that the Defendant's give fair notice to the opposing party that there is some plausible, factual basis for the assertion and not simply to suggest some possibility that it might apply to the case. See *Bradshaw v. Hilco Receivables, LLC*, 725 F. Supp. 2d 532 - Dist. Court, D. Maryland 2010 citing *Palmer v. Oakland Farms, Inc.*, 2010 U.S. Dist. LEXIS 63265, at *4 (W.D. Va. June 24, 2010), which held that: "A requirement that an affirmative defense be pleaded in accordance with the Twombly-Iqbol standard simply means than that it be pleaded in a way that is intelligible, gives fair notice, and is plausibly suggested by the facts."

A rudimentary review of the establish case law and precedent of this Court reinforces that the Defendant's must plead their affirmative defenses with specificity as to give Plaintiff notice. The Defendant's Affirmative Defenses fail to pass muster.

    a. **The Court should strike the Affirmative Defenses**

The following affirmative defenses fails to meet the *Twombly-Iqbal* minimum pleading standards; is too conclusory to provide fair notice to the plaintiff, and fails to contain a factual basis entitling it to be assumed true:

### FIRST DEFENSE

"CGLC denies the allegations of paragraph 2"

The defendant has alleged by its denial that this Court lacks jurisdiction of this matter. This Affirmative Defense fails to give notice of the legal basis Defendant has relied in raising said defense. Accordingly, Affirmative Defense One should be stricken.

### SECOND DEFENSE

"Plaintiff's claims are not governed by ERISA because the District of Columbia is exempted from ERISA"

The defendant again makes a bald accusation without providing the supporting basis for its contention that an exemption is applicable to the District of Columbia. Accordingly, Affirmative Defense One should be stricken.

### THIRD DEFENSE

"CGLC asserts lack of personal jurisdiction"

### FOURTH DEFENSE

"CGLC asserts improper venue"

### FIFTH DEFENSE

"CGLC asserts insufficient service of process"

### SIXTH DEFENSE

"CGLC asserts failure to state a claim upon which relief can be granted"

### EIGHTH DEFENSE

The relief sought by Plaintiff is barred, in whole or in part, by the provisions of the dental insurance plan or policy at issue.

## NINTH DEFENSE

"CGLC would show that it properly performed all obligations pursuant to the dental insurance plan or policy at issue and CGLC pleads the terms and conditions of the plan or policy as a complete defense to this case"

In addition, affirmative defenses eight (8) and nine (9) are nothing more than duplicate defenses and is both "unnecessary and inappropriate." *Yash Raj Films (USA), Inc. v. Atlantic Video*, 2004 U.S.Dist. LEXIS 9739, *11 (NDIll. 2004).

## TENTH DEFENSE

"CGLIC pleads waiver as a bar to plaintiff's claims"

## ELEVENTH DEFENSE

"CGLIC pleads estoppel as a bar to Plaintiff's claims".

In addition, affirmative defense eleven (11) amounts to nothing more than a bare legal conclusion. See *Palmer v. OAKLAND FARMS, INC.*, Dist. Court, WD Virginia 2010 citing *Builders Bank v. First Bank & Trust Co.*, 2004 U.S.Dist. LEXIS 5016, *17-18 (NDIll. 2004) (courts have "consistently struck" the defenses of waiver, estoppel and laches "when they are insufficiently pled"). See also *Gordon v. Ameriquest Mortg.* Corp. (In re Fischer), No. 08-74070-MHM at *2 (Bankr.N.D.Ga. Apr. 12, 2011) (striking a defense of accord and satisfaction that set forth only the name of the defense because the defendant had failed "to provide notice of the factual basis of the defense")

WHEREFORE, Plaintiff respectfully requests that this Honorable Court, strike Defendants Affirmative Defenses.

Respectfully Submitted,

/s/

Demetrius Nickens
AS HIS OWN ATTORNEY
1695 Graves Road, NW
Apartment 1402
Norcross, Georgia 30093
404-952-7230
Mrnickens808@gmail.com

PLAINTIFF

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DEMETRIUS NICKENS | * | |
| **Plaintiff** | * | Civil Action No.: 1:12-cv-00888 |
| Vs. | * | Next Event: September 2, 2012 |
| THE DISTRICT OF COLUMBIA, *et al* | | |
| **Defendant** | * | Judge Ellen S. Huvelle |

\* \* \* \* \* \* \* \* \* \* \* \*

### ORDER

Upon consideration of the Plaintiff's Motion to Strike Affirmative Defenses, it appearing that good cause having been stated, it is hereby this __ day of _____, 2012, ORDERED, that the Motion is GRANTED, and it is further ORDERED, that Defendant Affirmative Defenses be and is hereby the same STRICKEN.

_____
Judge Ellen S. Huvelle